UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-3507-Simonton

UNITED STATES OF AMERICA

v.

GEORGE LEWIS,
MATTHEW WILLIAMS,
EVERTON JONES,
    a/k/a "Everton Bryce"
KENARD HAGIGAL, and
SEAN GAYNOR

        **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                                      Respectfully submitted,

                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

BY:   /s/ Kelly C. Blackburn_____
       KELLY C. BLACKBURN
       ASSISTANT UNITED STATES ATTORNEY
       Court ID No. A5501873
       99 N. E. 4th Street
       Miami, Florida  33132-2111
       TEL (305) 961-9136
       FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>George Lewis, Matthew Williams,<br>Everton Jones, a/k/a "Everton Bryce,"<br>Kenard Hagigal, and Sean Gaynor,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 13-3507-Simonton<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 16, 2013__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1324(a)(1)(A)(iv) | Lewis encouraged and induced an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residing, is and will be, in violation of law. |
| Title 8, United States Code, Section 1326(a) and (b)(2) | Lewis, Williams, Jones, and Hagigal did knowingly and unlawfully enter, and attempt to enter, the United States, having previously been deported and removed from the United States, where such prior removal and deportation was subsequent to an aggravated felony, without the Attorney General, or his successor, the Secretary of Homeland Security, having expreslly consented to such alien's reapplying for admission. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

William D. Viteri, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/17/13

_____
*Judge's signature*

City and state: Miami, Florida

Andrea M. Simonton, U.S. Magistrate Judge
*Printed name and title*

1 of 2

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>George Lewis, Matthew Williams,<br>Everton Jones, a/k/a "Everton Bryce,"<br>Kenard Hagigal, and Sean Gaynor,<br>*Defendant(s)* | ) ) ) ) ) ) )   Case No. 13-3507-Simonton |

## CRIMINAL COMPLAINT (continued from p.1)

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 16, 2013__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Gaynor did knowingly and unlawfully enter, and attempt to enter, the United States, having previously been deported and removed from the United States, without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

William D. Viteri, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/17/13

_____
*Judge's signature*

City and state: Miami, Florida

Andrea M. Simonton, U.S. Magistrate Judge
*Printed name and title*

2 of 2

## AFFIDAVIT

I, William Viteri, being duly sworn, herby depose and state the following:

1. I am a Special Agent with U.S. Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and have been employed in such capacity since February 2012. Prior to this employment, I served as a Border Patrol Agent with U.S. Customs and Border Protection. I am currently assigned to the Special Agent in Charge Miami, Florida, Marine Investigations Group, where I am responsible for conducting investigations for violations of the immigration and customs laws of the United States. I am a graduate of the Criminal Investigator Training Program and the U.S. Border Patrol Academy at the Federal Law Enforcement Training Center. I have also received specialized training on the requirements for aliens seeking to enter the United States and have experience in conducting investigations involving human and narcotics smuggling.

2. The statements contained in this affidavit are based upon my own personal knowledge, as well information provided to me by other law enforcement officials and employees of HSI. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that George LEWIS ("LEWIS") did encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

3. Additionally, I have included those facts which I believe are necessary to establish probable cause that LEWIS, Matthew WILLIAMS ("WILLIAMS"), Everton JONES ("JONES"), (a/k/a Everton BRYCE), Kenard HAGIGAL ("HAGIGAL"), did knowingly and unlawfully enter,

(a/k/a Everton BRYCE), Kenard HAGIGAL ("HAGIGAL"), did knowingly and unlawfully enter, and attempt to enter, the United States, having previously been deported and removed from the United States, where such deportation and removal was subsequent to a conviction for an aggravated felony, without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

4.     Finally, I have included those facts which I believe are necessary to establish probable cause that Sean GAYNOR ("GAYNOR"), did knowingly and unlawfully enter, and attempt to enter, the United States, having previously been deported and removed from the United States, without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, Section 1326(a).

5.     On October 16, 2013, at approximately 1:20 a.m., United States Coast Guard Sector Miami received a call concerning an unknown vessel in distress located east of Miami, FL. United States Coast Guard, Sector Miami, Search and Rescue vessels were dispatched to locate the vessel. At approximately 2:00 a.m., while approximately seven nautical miles east of Miami, Florida, the Coast Guard search and rescue vessels encountered multiple individuals in duress. Some of these people were on top of a capsized vessel, and others were in the water. The Coast Guard rescued eleven survivors and discovered the bodies of four deceased females.

6.     The survivors were transferred to a Coast Guard Cutter, where they were processed through the taking of biometrics. The resultant checks revealed that all eleven survivors were foreign nationals of Jamaica, Haiti, and the Bahamas, and none had permission to enter the United

2

States on or about October 16, 2013. Biometric checks revealed that all eleven individuals were aliens without necessary documentation to legally enter the United States. The nationalities of the individuals were Jamaican, Haitian, and Bahamian. Of the biometric checks run by the Coast Guard, WILLIAMS, JONES, HAGIGAL, GAYNOR, and LEWIS, were each identified as having prior entries in either U.S. criminal or immigration databases. All of the survivors were subsequently brought ashore, advised of their Miranda rights, and waived those rights.

7. Six of the migrants identified an individual previously brought ashore, Naaman DAVIS ("DAVIS"), as the driver of the vessel which they had been on, and LEWIS as the crewman of that vessel. One of those six migrants stated that a couple of days prior to the vessel having departed the Bahamas, he observed LEWIS in Bimini, Bahamas. At that time, LEWIS was speaking with DAVIS and a third individual whom was known as an alien smuggler. Another one of the migrants interviewed stated that prior to their being brought ashore, LEWIS had directed them all to tell the Coast Guard that the vessel captain swam away and never came back.

8. LEWIS, an alien and citizen of Jamaica, admitted to having been previously removed from the United States. Records indicate that this removal was subsequent to a conviction for felony ~~intent to distribute cocaine~~ *drug trafficking charge w/ 10/17/2013*. Immigration records revealed that on January 30, 2013, immigration authorities ordered LEWIS removed, and on May 13, 2013, LEWIS was physically removed from the United States to the Bahamas.

9. WILLIAMS, an alien and citizen of Jamaica, admitted to having been previously removed from the United States. Records indicate that this removal was subsequent to a felony conviction for selling drugs on school property, and for selling controlled substances. Immigration

3

records revealed that on July 27, 2012, immigration authorities ordered WILLIAMS removed, and on October 31, 2012, he was physically removed from the United States to Jamaica.

10. JONES, an alien and citizen of Jamaica, admitted to having been previously removed from the United States. Records indicate that this removal was subsequent to a conviction for felony drug charges. Immigration records revealed that on March 24, 2010, immigration authorities ordered JONES removed, and on October 14, 2010, he was physically removed from the United States to Jamaica.

11. HAGIGAL, an alien and citizen of Jamaica, admitted to previously being removed from the United States. Records indicate that this removal was subsequent to a conviction for Felony Money Laundering. Immigration records revealed that on April 18, 2012, immigration authorities ordered HAGIGAL removed, and on May 31, 2012, he was physically removed from the United States to Jamaica.

12. GAYNOR, an alien and citizen of Jamaica, admitted to having been previously removed from the United States. Records indicate that this removal was due to the fact that he was not a lawfully admitted migrant. Immigration records revealed that on July 07, 2011, immigration authorities ordered GAYNOR removed, and on October 27, 2011, he was physically removed from the United States to Jamaica.

13. A search of the records maintained by the United States Citizenship and Immigration Service revealed that WILLIAMS, JONES, HAGIGAL, GAYNOR, and LEWIS, have never applied for or received the lawful permission of the United States Attorney General, or his successor, the Secretary for Homeland Security, to re-enter the United States after having been removed.

14. Based on the foregoing facts, your affiant submits that there is probable cause to

believe LEWIS did encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

15. Furthermore, I submit that there is there is probable cause to believe that LEWIS, WILLIAMS, JONES, and HAGIGAL, did knowingly and unlawfully enter, and attempt to enter, the United States, having previously been deported and removed from the United States, where such deportation and removal was subsequent to a conviction for an aggravated felony, without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

16. Finally, I submit that there is probable cause to believe that GAYNOR, did knowingly and unlawfully enter, and attempt to enter, the United States, having previously been deported and

removed from the United States, without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, Section 1326(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
WILLIAM VITERI, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn and subscribed before me in Miami, Florida, this __17__ day of October, 2013.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

6